I concur in the majority's rulings as to appellant's first four causes of action. However, I respectfully dissent with respect to the majority's judgment as to the fifth and sixth causes of action.
Appellant's fifth cause of action in her complaint (entitled "Intentional/Negligent Infliction of Emotional Distress") alleges that UAW Local 1112 committed "untoward acts * * * while engaging in discriminatory and retaliatory harassment" which "are utterly intolerable in a civilized society." On its face, appellant's fifth cause of action pleads a colorable tort for pleading purposes.
The majority apparently conducts a factual "analysis" of appellant's allegations and holds that "appellant's complaint fails to allege actions on the part of Local 1112 that constitute outrageous conduct beyond the bounds of decency." The majority's analysis and resulting holding are contrary to the rule that courts adjudicating a Civ.R. 12(B)(6) motion must presume the factual allegations in the complaint to be true and should make all reasonable inferences in favor of the nonmoving party.Taylor v. London (2000), 88 Ohio St.3d 137, 159; In Defense of Deer v.Cleveland Metroparks (2000), 138 Ohio App.3d 153, 160
Instead, the majority essentially makes a factual determination that appellant's allegations of retaliatory harassment (a one-year suspension from the union for reporting racially motivated harassment by a male union member) somehow does not constitute "outrageous" conduct. I disagree, especially in light of the presumption in favor of appellant at this point in the proceedings. A jury certainly could find otherwise. This issue is a factual one to be determined by the trier of fact, not to be dismissed at this preliminary pleading stage in the case.
With respect to the negligent infliction of emotional distress aspect of appellant's fifth cause of action, the majority also misses the point. In this case, appellant alleges that her fellow union member spray painted her, hitting her in her facemask. A judge or jury certainly could find that such assaultive conduct constitutes exposure to "physical peril." It is inappropriate for the trial court or this appellate court to usurp the trier of fact's province to decide this factual issue, especially at the preliminary pleading stage in this action.
Additionally, while the general rule in Ohio is that negligent infliction of emotional distress is not commonly recognized as a separate tort in the employment context, such a cause of action has not been specifically judicially proscribed. Moreover, there are exceptions to general rules. The factual allegations in this case warrant such an exception.
The majority correctly finds that appellant's sixth cause of action is not pre-empted by federal law. The majority, however, then engages in another procedurally improper factual analysis, concluding that the majority "cannot infer from appellant's allegations that Local 1112 acted in bad faith, or in an arbitrary or discriminatory manner." Why not?
One could easily infer from the allegations in the complaint that Local 1112's (1) minimizing Monoski's spray painting of appellant's facemask as "horseplay",[1] and (2) suspension of appellant for seeking redress as a result of such assault constitutes "bad faith" or "arbitrary or discriminatory" conduct.
Finally, under the circumstances, Local 1112's failure to respond to Monoski's racial hostility towards appellant, coupled with the local's alleged retaliatory suspension of appellant, certainly could lead a trier of fact to conclude that Local 1112 was negligent in its representation of appellant.
For the reasons stated above, the trial court erred in dismissing appellant's fifth and sixth causes of action pursuant to Civ.R. 12(B)(6). I would reverse that portion of the trial court's decision and remand those causes of action for further proceedings by the trial court. I concur in the remainder of the majority's judgment.
[1] The union's International Appeals Committee found the "horseplay" determination to be "questionable."